William Peterman v. Commissioner.
Peterman v. Commissioner
Docket No. 4114-62.
United States Tax Court
T.C. Memo 1964-50; 1964 Tax Ct. Memo LEXIS 289; 23 T.C.M. (CCH) 388; T.C.M. (RIA) 64050; February 28, 1964
William Peterman, pro se, Long Island, N. Y. Frederic S. Kramer for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1960 in the amount of $463.88. The issues for decision are: (1) Whether petitioner, a taxicab driver, received additional tip income not reported by him; (2) Whether petitioner is entitled to deductions for certain claimed dependents; and (3) The allowability of certain *290 itemized deductions. Findings of Fact The petitioner is an individual who resides at 98-04 25th Avenue, East Elmhurst, Long Island, New York. He filed his 1960 income tax return with the director of internal revenue, Brooklyn, New York. During the year 1960, petitioner was employed as a taxicab driver for the Finmore Service Corporation (hereinafter sometimes referred as Finmore). He had been so employed for about four years at that time. In 1960, his wife, Dorothy, was employed as a secretary, and she filed a separate return. In 1960, he was compensated by his employer at the rate of 42 percent of the gross receipts of his taxicab. On his original return, he reported his compensation from Finmore as $2,301.65 and reported no tips. On an amended return, filed some six months later, he reported the same compensation from Finmore and $400 listed as "Tips and city tax." Respondent determined the petitioner received $580 in tips during 1960. He arrived at this figure by reconstructing petitioner's gross receipts from the net reported (on the basis that the latter represented about 40 percent of the former) and then computing tips as representing 10 percent of the gross. Petitioner *291 produced no records to substantiate tip income. Petitioner's income from tips in 1960 was $580. On his original return, petitioner claimed four exemptions - himself, his wife, his mother, and his stepdaughter. On his amended returns, he claimed an exemption only for himself, but under the heading "Contributions" he listed $500 each "Toward the support of" his wife, his mother, and his stepdaughter. He deducted a total of $1,500 in that category. Sometime in 1960, petitioner and his wife acquired a house as their residence. Prior to that time, they had lived in a three-room apartment. A consideration in the decision to purchase a house was the possible provision of a place to live for petitioner's mother and his wife's daughter. However, neither his mother nor his stepdaughter actually lived in the house during 1960. During that year, the mother lived in the house of her own daughter, who claimed her as a dependent on her own return. Petitioner gave his mother presents of cash, such as $20, from time to time. The petitioner's stepdaughter, 16 or 17 years old, also lived elsewhere. Her mother, petitioner's wife, contributed to her support under court order. In 1959 a municipal *292 tax was imposed on taxicab fares which was collected from the passenger. The gross receipts of petitioner's taxicab in 1960 included about $300 representing that tax. The tax in question was not paid by petitioner. Petitioner paid $19 in 1960 as an automobile registration fee. He paid $40 in state and local sales taxes in the same year. He contributed used clothes in 1960 with a fair market value of $25 to the Salvation Army. Opinion With respect to tip income, petitioner's wife testified that he kept daily records which he had turned over to her and from which she prepared his return. However, no such records were shown to the Court. Moreover, there is no showing that respondent's method of arriving at tip income was either arbitrary or unreasonable. Accordingly, respondent's determination in this respect is sustained. On his original return, petitioner claimed an exemption with respect to his wife, a claim which he abandoned on his amended return. She was employed, presumably had gross income, and she filed her own separate return for that year. Petitioner was not entitled to claim an exemption for her. Sec. 151(b), I.R.C. 1954. On his amended return, *293 he $500deducted as a "contribution" to her support. There is no basis for such a deduction, and it is denied. Likewise, while he claimed his mother and stepdaughter as dependents on his original return, he substituted on his amended return deductions for $500 each as a "contribution" toward their support. The statute provides no such deduction. Moreover, examined in the light of the statutory tests for dependency deductions, these alleged payments likewise do not qualify for deduction. With respect to the stepdaughter, there is no evidence whatsoever that petitioner paid anything toward her support. She lived apart, evidently under court order, and received some support from petitioner's wife. With respect to his mother, there is testimony that petitioner paid her an amount in cash, such as $20, whenever she asked for it. There is no evidence of what the total of such payments was in 1960. There is no evidence of what the mother's income was during the year. The record indicates that petitioner's claim is based primarily on the cost of maintaining his own house which he had acquired, according to his wife, to provide a place for his mother and stepdaughter to live, even though, as *294 we have found, they did not do so in 1960. We understand from the testimony that he allocated a portion of the expense of maintaining the house as a contribution to their support. The amounts so allocated represented the personal expenses of petitioner and are nondeductible. While the record is vague as to the nature of the taxicab tax claimed as a deduction by the petitioner in the amount of $300, it is clear that, whatever its character, it was not paid by him but apparently was collected from passengers and paid over by him to his employer as part of the gross receipts of his taxicab. He is not entitled to a deduction with respect to this tax. Sec. 164(a), (c). We are satisfied from the evidence that he did pay deductible taxes in the total amount of $59. Likewise we believe, on the record, that he is entitled to a deduction for a charitable contribution in the amount of $25. Decision will be entered under Rule 50.